High Court of Errors and Appeals. June 11, 1818.

*Ridgely's Notebook II, 130.*

### JOHN A. PENNINGTON and Wife v. JOHN VANHORN.

High Court of Errors and Appeals. June 12, 1818.

*Ridgely's Notebook II, 133.*

[*Read* for plaintiff in error. *Rogers* and *Vandyke* for defendant in error.]

THE CHANCELLOR. The suit which has come up to this Court is a writ of *scire facias* founded upon a judgment recovered in the name of the State in the Supreme Court at New Castle County at November Term, 1811, against John A. Pennington and Elizabeth, his wife, for $6000, with costs. The suit in which that judgment was rendered was brought on a testamentary bond given by Elizabeth, now the wife of Pennington, as the executrix of the last will and testament of Jacob Vanhorn. John Vanhorn, by his guardian, sued out the writ of *scire facias* which is now the matter of consideration for this court. This *scire facias* is a proceeding intended to have effect according to the provision of the twelfth section of the Act for establishing Orphans' Courts, 1 Del. Laws 87. That Act directs that judgments recovered on the bonds therein mentioned shall remain in the same nature the bonds were, and that no execution "issue out thereupon, before the party grieved shall by writ of *scire facias* summon the person or persons, against whom the said judgment is obtained, to ap-

pear and shew cause why execution shall not issue upon the said judgment; and if the party grieved shall prove what damages he sustained, and thereupon a verdict be found for him, the Court of Common Pleas (where such suit is) shall award execution for so much as the jury shall then find, with costs, and no more."

In this *scire facias* the plaintiff below stated the original judgment. He then spread on the record the condition of the testamentary bond, by which, among other things, Elizabeth, the executrix, was to make a true and just account of her administration; and all the rest etc. of said goods, etc., which should be remaining on said executrix's account she was to distribute and dispose of according to the true intent and meaning of the said last will and testament of said deceased. It is then suggested that a distributive account of the estate of the deceased was passed in the Register's office by Pennington and wife, June 14, 1802, and that the sum of £25.18.10¼ was ascertained to be due and owing to the said John Vanhorn, one of the heirs of the said Jacob Vanhorn. The nonpayment of this sum, with its interest, to said Vanhorn is then suggested as the grievance; and thereupon Pennington and wife were summoned to show cause why the said John Vanhorn should not have execution against them for said $6000, etc.

The question now is whether John Vanhorn has set forth a sufficient title to recover the £25.18.10¼ mentioned in the said distributive account. Supposing the plaintiff below, John Vanhorn, to be a legatee of Jacob Vanhorn, I am of opinion that he has not entitled himself, by any thing set forth in this writ of *scire facias,* to recover the said sum of £25.18.10¼. Elizabeth, the executrix of Jacob Vanhorn, was bound, according to the condition of the bond, to distribute or dispose of the residuary part of the personal estate of the testator, according to the true intent and meaning of his last will. How does it appear that the plaintiff below is entitled to a share or to any of the residuary part of the personal estate of Jacob Vanhorn? He is not suggested to be a residuary legatee, and no claim is made under the will of Jacob Vanhorn. The personal estate was disposed of or it was not disposed of by his will. If it was disposed of, his legatees were entitled to take it; if it was not disposed of, the will being made in 1794 or 1795, his executrix took it; and consequently John Vanhorn could have no title but under the will. The will then, or at least the bequest to John Vanhorn, should have been set out in the *scire facias* to show his title to any part of the personal estate of Jacob Vanhorn.

But it is said in the *scire facias* that, by the distributive account, £25.18.10¼ were found to be due to John Vanhorn, one of the heirs of Jacob Vanhorn. This is a repugnance in the *scire facias* which contradicts the right of John Vanhorn to recover anything under the will of the testator, and, of course, he shows no title to receive this money. This objection is fatal. It is impossible that the plaintiff below can take anything by this writ.

It is not necessary to decide whether the account is a judicial or extrajudicial act, for without setting out the will, the account is not sufficient. In this case it could only be evidence. It was not competent to authorize a recovery; that is, it gave no title to the plaintiff below, for the will alone entitled the legatees to the residuary part of the personal estate if it were disposed of.

The conclusion of the *scire facias* is right. According to the terms of the Act, the party is to be summoned to show cause why execution shall not issue upon the said judgment. Now the words, "the said judgment," must mean the sum for which judgment is rendered on the bond. And this is consistent with the whole course of proceeding prescribed by the Act of Assembly on such bonds. The judgment remains cautionary, for the satisfaction of all others who may be damnified; and the *scire facias* must be issued for the sum mentioned in such judgment.

BOOTH, Chief Justice, WARNER and COOPER, Justices of the Court of Common Pleas, and PAYNTER, Justice of the Supreme Court, who was not a judge when the judgment was rendered below, concurred.

Judgment reversed.